[No. 214. Decided December 23, 1891.]

# THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM WEYDEMAN, *Appellant*.

### EMBEZZLEMENT—LARCENY—VERDICT.

Where defendant is indicted under a statute (Code 1881, § 835) defining embezzlement, and declaring the offender guilty of larceny, a verdict that defendent is not guilty of the offense charged in the indictment, but is guilty of the crime of petit larceny, is equivalent to acquittal.

*Appeal from Superior Court Jefferson County.*

The facts are stated in the opinion.

*F. C. Robertson*, and *R. W. Jennings*, for appellant.

*R. E. Moody*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

HOYT, J.—Upon the hearing it was informally suggested that the appellant had served his time under the sentence of the court, and been discharged from custody, but in the absence of any showing upon the record to establish this fact we can give it no consideration, and must, therefore, decide the case upon its merits.

The defendant was indicted under § 835 of the Code of 1881, which is as follows:

"If any officer, agent, clerk or servant, or person to whom any money or other property shall be entrusted for any specific purpose for hire, shall embezzle, or fraudulently convert to his own use, or shall take or secrete with intent to embezzle and fraudulently convert to his own use, any money or other property which shall have come into his possession, or shall be under his care or charge by virtue of such employment, or for such specific purpose, shall be deemed guilty of larceny, and on conviction thereof, be imprisoned in the penitentiary not more than ten years

nor less than one year, or be imprisoned in the county jail for any length of time not exceeding one year."

In the submission of the cause the court instructed the jury that, under said indictment, they could find the defendant guilty of either grand or petit larceny, as they found the property embezzled to be of greater or less value than thirty dollars. Under such instruction the jury returned a verdict of not guilty of the offense charged in the indictment, but guilty of the crime of petit larceny. Defendant duly moved in arrest of judgment, and for his discharge in pursuance of said verdict. The court denied said motion, and sentenced the defendant as for conviction of petit larceny. Said actions of the court, in instructing the jury and imposing the sentence as above set forth, are assigned as error on this appeal. The learned judge of the court below must have construed the acts set out in said § 835 as equivalent to the taking and converting of the property embezzled, and to have concluded therefrom that under said section the value of the property would be material as establishing the grade of the larceny. We think, however, that said section cannot be thus construed. Certain acts therein set forth are by force of said section made a crime. The legislature has seen fit to declare that that crime shall be called larceny; but it does not follow that because they have called this offense by the same name as those set out in § 830 and § 831 of said code that it is the same. Under said § 835, the defendant is either guilty or not guilty of the crime charged. There are no grades thereunder. If he shall embezzle or fraudulently convert to his own use, under the circumstances named in said section, any property, he is guilty of the crime charged, whether the amount be great or small; and the only effect that the value of the property could have in a case under said section would be to influence the discretion of the court as to the penalty to be imposed. Appellant

made a further objection, that the facts stated in the indictment did not constitute any offense; but the conclusion to which we have come, as above stated, makes it unnecessary to pass upon this question.   The indictment, then, being for the offense stated in said section, and such offense being incapable of division into grades, it follows, that the verdict of the jury as above stated was substantially one of acquittal, and that the motion in arrest of judgment should have been granted.

The judgment and sentence must be reversed, and the prisoner discharged.

ANDERS, C. J.. and SCOTT, DUNBAR and STILES, JJ., concur.